*Chittenden,*
January.
1814.

KING *vs.* BEVINS, and others.

If B. hire a Sloop, and take passengers on board, such passengers are not liable to the owner of the Sloop, for the loss of the Sloop, or for any injury done to it from any want of skill or negligence of B.

THIS was an action of trespass with force and arms, for taking away out of the possession of the plaintiff, the Sloop Lark, and destroying her. The death of Bevins, since the commencement of the action, was suggested on the record, and the other defendants pleaded the general issue.

On trial, it appeared in evidence, that Bevins hired the Sloop, then lying at Burlington Bay, of the plaintiff, for one day, to go to the mouth of Onion River, for the purpose of fishing.—That after he sailed, finding the wind contrary, he turned his course and went to Shelburn, and took in a load of stone on his own account, and returned to Burlington on the same day at evening, and left the Sloop at the wharf with the loading on board, in a situation not very safe.—That in the night the wind rose, drove her against the wharf, she bilged and sunk. It also appeared in evidence, that Bevins hired the sloop on his own account.—That the other defendants were taken on board by Bevins, some as passessengers, and some as hands to assist in navigating the sloop, and acted solely under the directions of Bevins.

*By the Court.*—Whether from the evidence in this case, the action of trespass could have been maintained against Bevins, it is unnecessary to decide; for, it is clear that it cannot be maintained against the present defendants, who were, either hands on board employed by Bevins, or passengers taken on board by him for their fare. He Bevins, had a right, having hired the sloop of the plaintiff, to take them on board, and they were not accountable for Bevin's want of skill or negligence. As well might the passengers in a stage coach be made accountable for the negligence or want of skill in the driver, by which the carriage was destroyed. In the case Davy against Chamberlain and others, 3 Esp. N. C. 229, it is said by Lord Ellenborough, that if a person driving his own Carriage take in another person as a passenger, such person cannot be subject to an action for any misconduct of the proprietor in driving the carriage, (for driving against any person on the road,) but if

both are jointly concerned in the carriage, as if both had hired it together, they must both be liable for any misconduct of either. It is obvious that it would be the same, in case of damage done to the Carriage. Accordingly the jury returned a

*Chittenden, January. 1814.*

*King vs. Bivens et al.*

Verdict for the defendants.